1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RENARDO ROBERTSON, an individual; and RENARDO and DONNA ROBERTSON, and their marital community,<br><br>                    Plaintiffs,<br><br>       v.<br><br>CATHOLIC COMMUNITY SERVICES OF WESTERN WASHINGTON, a Washington public benefit corporation; D. Michael Reilly, an individual; Shirley S. Lou-Magnuson, an individual; Rodney R. Moody, an individual,<br><br>                    Defendants. | CASE NO. 2:22-cv-00827<br><br>ORDER |

This matter comes before the Court on Defendants D. Michael Reilly and Shirley S. Lou-Magnuson's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12 (Dkt. # 27) and Plaintiff's Motion for Leave of Court to File Second Amended Complaint (Dkt. # 41).  The Court has reviewed the materials submitted in support of, and in opposition to, the motions, as well as the case file. Being fully advised, the Court GRANTS the motion to dismiss and DENIES the motion for leave to amend.

Motion to Dismiss

Subject matter jurisdiction constitutes a threshold issue regarding the court's power to

hear a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). It covers statutory grants of original jurisdiction, such as federal question jurisdiction under 28 U.S.C. § 1331.

A motion to dismiss for lack of subject matter jurisdiction may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In resolving a facial attack, such as here, the challenger must persuade the court that the allegations of the complaint are insufficient on their face to invoke the jurisdiction of the court. *See id.* However, "[t]he party invoking federal jurisdiction must bear the burden of establishing" that jurisdiction exists. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

The First Amended Complaint (Dkt. # 8) says that there is federal question jurisdiction in this matter. Yet, for presumably all the claims it asserts against all the defendants (including non-movants), it lists the following as "federal statutes, federal treaties, and/or provisions of the United States Constitution" at issue: "18 U.S.C. § 2071; 18 U.S.C. § 1519; Federal Rules of Civil Procedure 60(b)(3); and 28 U.S.C. § 1927; Fed. R. Civ. P. 15(a)." (emphasis in original). Neither Rule 15(a) nor Rule 60(b)(3) constitutes a federal statute, treaty, or constitutional provision; these are rules of court procedure. 18 U.S.C. § 2071 and 18 U.S.C. § 1519 are criminal statutes that do not establish subject matter jurisdiction in this civil case. And 28 U.S.C. § 1927 does not provide a federal cause of action that would establish such jurisdiction. Nor does the pleading otherwise set forth a basis for federal question jurisdiction with respect to any of the claims against any of the defendants.[1] Thus, the movants appear correct that this Court

---

[1] While not all the defendants joined in the motion to dismiss on subject matter jurisdiction grounds, the movants' arguments inure to the benefit of all the defendants. And a federal court is obligated to "police" its subject matter jurisdiction on a continuing basis throughout a matter to ensure it remains "within the bounds the Constitution and Congress have prescribed." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *see also Mashiri v. Dep't of Educ.*, 724 F.3d 1028, 1031 (9th Cir. 2013) ("[F]ederal courts have a continuing, independent obligation to determine whether subject matter

lacks subject matter jurisdiction.  And accordingly, the Court does not reach the other issues raised by the motion to dismiss.

Motion for Leave to Amend

The proposed Second Amended Complaint (Dkt. # 41-1) suffers from the same deficiencies outlined above in connection with the First Amended Complaint.  For example, with respect to federal question jurisdiction, it repeats the citations to "18 U.S.C. § 2071; 18 U.S.C. § 1519; Federal Rules of Civil Procedure 60(b)(3); and 28 U.S.C. § 1927; Fed. R. Civ. P. 15(a)." And it does not otherwise set forth a basis for federal question jurisdiction with respect to any of the claims against any of the defendants.  Thus, the motion for leave to amend is futile.  *See Sonoma Cnty, Ass'n of Retired Emps.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (dismissal without leave to amend is proper if amendment would be futile).  Likewise, the Court does not see how, given the nature of the allegations against the non-movant Defendants, any additional amended complaint could cure the lack of subject matter jurisdiction.

Conclusion

For the above reasons, the Court GRANTS the motion to dismiss and DENIES the motion for leave to amend.  This matter is DISMISSED without prejudice.  And the Court STRIKES as moot the other pending motions in this matter (Dkts. ## 35, 39, and 51).

Finally, the Court understands that Plaintiffs are *pro se*, may not have been familiar with the legal standards discussed above, and based on their other filings, may be disappointed that this case is being dismissed before certain discovery takes place.  The Court hopes that Plaintiffs now understand that, as mentioned above, subject matter jurisdiction is a threshold issue

---

jurisdiction exists.") (citing *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n. 12 (9th Cir. 2012)).

regarding the court's power to hear a case, and the Court should not allow such discovery if it lacks subject matter jurisdiction.

Dated this 24th day of October, 2022.


John H. Chun
United States District Judge

ORDER - 4